AO 247 (Rev. 11/11) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)          Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| **JOSEPH FRANK CANTU** | ) Case No: 10-14071-CR-GRAHAM(01) |
| | ) USM No: 74743-004 |
| Date of Original Judgment: December 10, 2010 | ) |
| Date of Previous Amended Judgment: | ) |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ **DENIED.** ☐ **GRANTED** and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(Complete Parts I and II of Page 2 when motion is granted)*

When originally sentenced, Defendant Cantu received a term of 121 months imprisonment for violating 21 U.S.C. § 846. Defendant Cantu received a base offense level of 32 pursuant to § 2D1.1(c) because his offense involved 18.5 grams of methamphetamine (actual) and 110 grams of Ice, which converts to the equivalent of 2,580 kilograms of marijuana according to the Drug Equivalency Tables. After Defendant Cantu received a cumulative three-level reduction, his total offense level was 29. Notably, Defendant Cantu's criminal history computation was a category IV pursuant to the Sentencing Table in Chapter Five, Part A. Therefore, Defendant Cantu's applicable guideline range was 121 to 151 months imprisonment.

Defendant Cantu previously filed a motion for a sentence reduction pursuant to § 3582. This Court granted that motion, which reduced his sentence from 121 months to 120 months (10 years) – the required statutory minimum imposed pursuant to 21 U.S.C. § 841(b).

Pursuant to Amendment 782, Defendant Cantu's total offense level is now 27, and his new guideline calculation yields a sentencing range of 100 to 125 months because, when converted, his offense involved at least 1,000 kilograms but less than 3,000 kilograms of marijuana. However, Defendant Cantu is ineligible for another sentence reduction because of the aforementioned required statutory minimum sentence of 120 months. Further, this Court shall not order a reduction in sentence for substantial assistance because the Government has not filed a motion under Federal Rule of Criminal Procedure 35(b). In sum, Defendant Franco is ineligible for a sentence reduction because the amended guideline range does not have the effect of lowering his sentence, see U.S.S.G. § 1B1.10(a)(2)(B), and his Motion for Reconsideration for a Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [D.E. 99] is **DENIED**.

**IT IS SO ORDERED.**

Order Date: Oct. 15, 2015

Effective Date: _____
*(if different from order date)*

_____
*Judge's signature*

DONALD L. GRAHAM United States District Judge
*Printed name and title*